**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| SHERRY HILL,               )<br>          Plaintiff,      )<br>     v.                           )<br>                                  )<br>C.R. BARD, INC., a corporation, and   )<br>DAVOL, INC., a corporation,     )<br>DR. ADOLF LO and              )<br>DR. SIDNEY ROHRSCHEIB,    )<br>                                  )<br>          Defendants.    ) | Case No.  08-2142 |

# REPORT AND RECOMMENDATION

In June 2008, Defendants C.R. Bard, Inc. (hereinafter "Bard"), and Davol, Inc. (hereinafter "Davol"), filed a Notice of Removal (#1).  Defendants allege federal jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.

In July 2008, Plaintiff Sherry Hill filed a Motion To Remand (#4) pursuant to 28 U.S.C. § 1447.  Defendants subsequently filed their Opposition to Plaintiff's Motion To Remand (#5). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion To Remand **(#4)** be **GRANTED**.

## I.  Background
### A.  Procedural History

On April 2, 2008, Plaintiff Sherry Hill, an Illinois citizen, filed a complaint in the Circuit Court of Champaign County against Defendants Bard and Davol.  Plaintiff alleged products liability claims arising out of injuries she sustained after surgeries involving the Bard Mesh PerFix Plug and Bard Ventralex Hernia Patch.  (#1-2, pp. 1, 4-5.)  Plaintiff listed Drs. Adolf Lo and Sidney Rohrscheib as Respondents in Discovery on her original complaint.

On April 4, 2008, Defendants removed the case to the Central District of Illinois alleging federal jurisdiction based on diversity. (#1, ¶ 2.) On April 23, 2008, Plaintiff filed a motion to remand or, in the alternative, motion for leave to amend. The Court denied Plaintiff's motion to remand, but granted Plaintiff leave to amend its complaint. Plaintiff subsequently filed an amended complaint joining Drs. Lo and Rohrscheib as defendants, alleging products liability claims against Defendants Bard and Davol and medical malpractice claims against Defendants Lo and Rohrscheib. On May 30, 2008, the Court remanded the matter to the Circuit Court of Champaign County because the addition of Drs. Lo and Rohrscheib, both Illinois citizens, to the amended complaint destroyed diversity jurisdiction.

In June 2008, Defendants Bard and Davol again removed the case to federal court, arguing that the Court could disregard the citizenship of Defendants Lo and Rohrscheib. In July 2008, Plaintiff filed a Motion To Remand (#4) and Defendants filed their Opposition to Plaintiff's Motion To Remand (#5).

## B. Facts

Plaintiff alleges the following in her amended complaint. Plaintiff is a citizen of Illinois. (#1-2, p. 35.) Defendant Davol is a wholly-owned subsidiary of Defendant Bard and is a citizen of Rhode Island and Delaware. (#1-2, p. 35.) Defendant Bard is a citizen of New Jersey. (#1-2, p. 36.) Plaintiff alleges that Bard sold surgical patches through its subsidiary Davol that are designed to fix a hernia. (#1-2, p. 36.) The patches have a "sticky" side that faces the abdominal wall, patching the hernia, and a "slick" side intended to face the inside of the bowels. (#1-2, p. 37.) Plaintiff alleges that the adhesive side of the patch can become detached from the abdominal wall and adhere to the bowels or internal organs, causing injury. (#1-2, p. 37.) As a result, the patches are unreasonably dangerous. (#1-2, pp. 37-38.)

In May 2006, Plaintiff underwent surgery during which doctors implanted one Bard Mesh PerFix Plug and two Bard Ventralex Hernia Patches. (#1-2, p. 38.) In August 2006, Plaintiff underwent a second surgery to remove the Bard Mesh PerFix Plug and place two

additional Bard patches.  (#1-2, p. 38.)  Plaintiff alleges that surgeons found a Bard Ventralex Hernia Patch adhering to her bowel during the August 2006 surgery.  (#1-2, p. 38.)

Count I, against Defendants Bard and Davol, alleges that, due to the unreasonably dangerous nature of the Bard patches, Plaintiff was injured when one or more of the patches that had been implanted in May 2006 adhered to her bowel.  (#1-2, p. 38.)  Plaintiff underwent a surgery in August 2006 to correct this injury and, during this surgery or as a result, suffered further injury to her right inguinal nerve.  (#1-2, p. 38.)  Plaintiff seeks damages in excess of $500,000 resulting from pain and anguish, medical bills, and diminished employment capacity.  (#1-2, p. 39.)

Count II alleges professional negligence against Defendant Lo, who implanted the patches during Plaintiff's May 2006 surgery.  (#1-2, pp. 39-40.)  Plaintiff alleges that Dr. Lo failed to exercise reasonable professional care during the surgery and, as a result, the surgery failed, necessitating the subsequent August 2006 surgery during which Plaintiff sustained nerve damage.  (#1-2, pp. 39-40.)

Count III alleges professional negligence against Defendant Rohrscheib, who removed the patches during Plaintiff's August 2006 surgery.  (#1-2, pp. 40-41.)  Plaintiff alleges that Dr. Rohrscheib failed to exercise reasonable professional care during the surgery, resulting in the nerve injury.  (#1-2, pp. 40-41.)

## II.  Standard

In order for a defendant to properly remove a case to federal court, the court must have subject matter jurisdiction.  28 U.S.C. § 1441(a).  Jurisdiction exists in a removal action if the case might have been originally brought in a federal court.  *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).  Because the federal district courts have limited jurisdiction, district courts should interpret the removal statute narrowly and resolve any doubt in favor of remanding the matter to state court.  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

When jurisdiction is based on diversity of citizenship, diversity must be complete for federal subject matter jurisdiction to exist. *Hoosier Energy Rural Elec. Co-op v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314-15 (7th Cir. 1994). The party seeking removal and opposing remand bears the burden of establishing diversity and thus the district court's subject matter jurisdiction over the matter. *NFLC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).

### III.  Analysis

Although Plaintiff and Defendants Lo and Rohrscheib are Illinois citizens, Defendants' notice of removal alleges that the Court can exercise federal jurisdiction over the case based on diversity because Plaintiff improperly joined Defendants Lo and Rohrscheib. Specifically, Defendants contend that the doctrines of fraudulent joinder or procedural misjoinder defeat diversity.

#### A.  Fraudulent Joinder

Defendants first argue that Plaintiff fraudulently joined the medical negligence claims against Defendants Lo and Rohrscheib. Plaintiff responds that the notice of removal is without merit.

As an initial matter, the Court notes that Plaintiff's motion to remand fails to cite a single case or statute in support of her position. The motion includes a brief discussion, but does not respond to Defendants' argument regarding misjoinder, beyond calling the argument "specious." (#4, p. 2.) The Seventh Circuit has held that failure to support an argument with citation to pertinent authority constitutes a waiver of the point. *See, e.g. Doe v. Johnson*, 52 F.3d 1448, 1457 (7th Cir. 1995)*; Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995). Therefore, ordinarily Plaintiff's mere assertions would be insufficient and the Court would deny her motion. However, because the current matter concerns subject matter jurisdiction, the Court has an independent duty to consider the relevant law and make its determination regardless of the inadequate nature of Plaintiff's motion. FED. R. CIV. P. 12(h)(3) ("If the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the Court will consider whether it can properly exercise jurisdiction over this case.

Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder is fraudulent when a plaintiff makes false allegations of jurisdictional fact, or more commonly, when the claim against the nondiverse defendant has no possible chance of success in state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Used in this sense, "fraudulent" is a term of art that does not reflect the integrity of the plaintiff or counsel or imply that the plaintiff's counsel acted in bad faith. *Benson v. Continental Ins. Co.*, 120 F. Supp. 2d 593, 594 (S.D. W.Va. 2000).

The removing party bears the burden of proving fraudulent joinder and must show that, after resolving all issues of fact and law in favor of the plaintiffs, the plaintiff cannot establish a cause of action against the nondiverse defendant. *Id.* at 73. To decide this, the trial court must engage in an act of prediction: Is there any reasonable possibility that a state court could rule against a nondiverse defendant? *Id.* If so, then joinder is not fraudulent. *Id.* If a defendant fails to establish that a plaintiff has no reasonable possibility of success, the Court must remand the case to state court based on incomplete diversity. *County of Cook v. Philip Morris, Inc.* No. 97C3295, 1997 WL 667777, at *5 (N.D. Ill. Oct. 17, 1997) (unreported).

Here, Plaintiff did not make false allegations of jurisdictional facts. Therefore, Defendants must show that, after resolving all issues of fact and law in favor of Plaintiff, Plaintiff cannot establish a claim against Defendants Lo and Rohrscheib.

Defendants Bard and Davol argue that, because Plaintiff failed to submit a physician's certificate of merit with the medical malpractice complaint, the medical malpractice claims have no possibility of success in state court and the parties are fraudulently joined. *See* 735 ILL. COMP. STAT. 5/2-622 (providing that a plaintiff must accompany every claim of medical

malpractice with a physician's certificate of merit). Failure to file the certificate will result in dismissal for failure to state a claim. *McCastle v. Sheinkop*, 520 N.E.2d 293, 296 (Ill. 1987).

Defendants Bard and Davol contend that the Court should consider only the ability of Plaintiff's current complaint to survive a motion to dismiss when ruling on the motion to remand. Plaintiff's current complaint is insufficient because it did not include the mandatory certificate. As a result, Defendants Bard and Davol contend that Plaintiff could not possibly state a claim in state court against Drs. Lo and Rohrscheib and they are fraudulently joined. Defendants cite *Poulos* to support their argument. In *Poulos*, the Seventh Circuit stated that only a plaintiff's "present allegations count" in determining whether fraudulent joinder exists. *Poulos,* 959 F.2d at 74 (emphasis added).

Plaintiff currently alleges medical malpractice claims against Defendants Lo and Rohrscheib. Here, the only reason that Plaintiff has failed to state a claim is because she did not attach a certificate of merit to her complaint, a procedural defect. Under these circumstances, failing to state a claim is not the same as having "no possibility of success." Based on Plaintiff's present allegations in her complaint, the Court cannot say Plaintiff has absolutely no possibility of success in her medical malpractice claims against the doctors. Fraudulent joinder occurs when a plaintiff cannot possibly state a particular claim against that defendant. *See, e.g., LeBlang Motors, Ltd. v. Subaru of Am., Inc.* 148 F.3d 680, 690 (7th Cir. 1998) (finding no possibility of success because the statute of limitations had run); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) (holding that a claim against a plant manager or supervisor was fraudulently joined because state law did not impose liability on those parties). Thus, Defendants have not met their burden of establishing fraudulent joinder.

### B.  Procedural Misjoinder

Defendants Bard and Davol next argue that Defendants Lo and Rohrscheib are procedurally misjoined pursuant to Federal Rules of Civil Procedure 20 and 21. They contend

that the Court should sever the claims against the doctors from the claims against the manufacturers and allow Plaintiff to proceed in federal court with her claims against Bard and Davol.

Under Rule 20, a plaintiff may join persons as defendants if she asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

Procedural misjoinder, also known in some courts as fraudulent misjoinder, is a judicially-created doctrine by which a federal district court determines that joinder of diverse and nondiverse defendants is improper, thus allowing the court to disregard the citizenship of nondiverse parties when assessing subject matter jurisdiction. The Eleventh Circuit court first described this doctrine in *Tapscott v. MS Dealer Serv. Corp.* 77 F.3d 1353 (11th Cir. 1996), recognizing it as a third type of fraudulent joinder. Specifically, the *Tapscott* court held that misjoinder rises to the level of fraudulent joinder when it is "egregious." *Id.* at 1360. *Tapscott* involved a putative class action suit. *Id.* at 1355. The plaintiffs' complaint and first amended complaint both involved allegations arising from the sale of automobiles. *Id.* The plaintiffs' second amended complaint added allegations against merchants, with Lowe's, a nondiverse defendant, as the putative defendant class representative. *Id.* The court found that the sole purpose of the second amended complaint was to defeat diversity jurisdiction and "that [the plaintiffs'] attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id.* at 1360. The Eleventh Circuit court severed the claims, remanded the claims against the nondiverse defendants to state court, and allowed the case against the diverse defendants to proceed in federal court. *Id.*

The Seventh Circuit court has not yet considered the doctrine of fraudulent misjoinder. The Southern District of Illinois has considered *Tapscott* and declined to expand the doctrine of fraudulent joinder to encompass the third category of fraudulent *mis*joinder. *See Robinson v. Ortho-McNeill Pharm., Inc.*, 533 F. Supp. 2d 838 (S.D. Ill. 2008); *Rutherford v. Merck & Co.*,

7

428 F. Supp. 2d 842 (S.D. Ill. 2006); *Rabe v. Merck & Co.*, No. Civ. 05363GPM, 2005 WL 2094741 (S.D. Ill. Aug. 25, 2005) (unreported). This Court finds the Southern District court's reasoning persuasive. Neither the Supreme Court nor the Seventh Circuit has indicated that misjoinder, aside from the two forms of fraudulent joinder already recognized, "implicates the subject matter jurisdiction of a federal court." *Rutherford*, 428 F. Supp. 2d at 851 (citing *S. Ry. Co. v. Lloyd*, 239 U.S. 496, 500 (1916) and *Chi., Rock Island & Pac. Ry. Co. v. Whiteaker*, 239 U.S. 421, 425 (1915)).

As the Southern District court emphasizes, the Seventh Circuit court prefers clear and easily-applied jurisdictional rules. *See, e.g., Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005) ("[T]he first virtue of any jurisdictional rule is clarity and ease of implementation."). Since the *Tapscott* court first described fraudulent misjoinder in 1996, it has been applied inconsistently across jurisdictions, with some courts declining to follow the "egregiousness" standard and severing claims that are simply misjoined. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit.*, Civ. No. 071487, 2007 WL 2572048, at *2-3 (D. Minn. Aug. 30, 2007) (unreported) (following a Rule 20 analysis and finding simple misjoinder sufficient to warrant severing the nondiverse claims). Courts also disagree as to whether the federal district court, if it accepted the doctrine of fraudulent misjoinder, should consider misjoinder under state law or federal law. The *Rutherford* court noted that considering fraudulent misjoinder allegations under state law presents two problems: (1) a case removed from state to federal court is inherently subject to the Federal Rules of Civil Procedure; and (2) a jurisdictional question "that requires federal courts as a regular matter to construe state procedural rules . . . [is] an exceptionally weird and pernicious intrusion by federal courts into matters properly of state concern." *Rutherford*, 428 F. Supp. 2d at 854.

Furthermore, courts disagree as to whether products liability claims and simple medical malpractice claims may be said to arise out of the same transaction or occurrence under Rule 20. Defendants Bard and Davol cite cases in which courts found that products liability and medical malpractice claims arise out of separate transactions and are thus misjoined. *See Sutton v. Davol, Inc.*, No. CVF08280, 2008 WL 2233567, at *4 (E.D. Cal. May 28, 2008) (unreported) (finding

that a products liability claim arises out of the manufacture or testing stage while the medical malpractice claim arises out of the patient's care at the time of the procedure); *In re Guidant*, 2007 WL 2572048, at *2 (stating that medical malpractice claims require evidence about a doctor's treatment and services while products liability claims require evidence about the development, manufacture, and testing of a product).  Other courts have found that products liability claims and medical malpractice claims do arise out of the same transaction or occurrence.  *See Alegre v. Aguayo*, No. 06C5744, 2007 WL 141891, *6 (N.D. Ill. Jan. 17, 2007) (unreported) (stating that a doctor's act of prescribing Vioxx is related to Vioxx's alleged failure to disclose the dangers of the drug because together they led to the plaintiff's ingestion of the drug); *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 621 (S.D.N.Y. 1984) (finding that a plaintiff's claims against a doctor for alleged medical malpractice and a company for alleged products liability both arise out of the same operation and thus the same occurrence).  These conflicts demonstrate that the doctrine of fraudulent misjoinder is not clear or easily applied.

       The Seventh Circuit court has stated that the removal statute must be strictly construed and any doubts about removal must be resolved in favor of remand.  *Allied-Signal*, 985 F.2d at 911.  In their removal notice, Defendants Bard and Davol encourage the Court to adopt two unsettled points of law:  (1) to expand the doctrine of fraudulent joinder to include fraudulent misjoinder, and (2) to find that products liability claims and medical malpractice claims do not arise out of the same transaction or occurrence.  In the absence of guidance from the Seventh Circuit on these issues, the Court declines to take this route.  The Court agrees with the Southern District court's reasoning that, where jurisdiction is lacking on the face of the complaint, and where the parties are not fraudulently joined, the Court does not have subject matter jurisdiction over the case so as to consider whether joinder is proper.  Accordingly, the Court recommends remanding this case to state court

### IV.  Summary

For the reasons set forth above, this Court recommends that Plaintiff's Motion To Remand **(#4)** be **GRANTED** and that the case be remanded to the Circuit Court of Champaign County.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objection on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 26th day of August, 2008.

                                               s/ DAVID G. BERNTHAL
                                               U.S. MAGISTRATE JUDGE